UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

CASE NUMBER: 6:25-bk-01605-GER

**DAVID HOMERO RIVAS**

*Debtor,*

_____/

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

*FINAL JUDGMENT OF FORECLOSURE OBTAINED*

> NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING
>
> If you object to the relief requested in this paper you must file a response with the Clerk of Court at 400 West Washington Street, Suite 5100, Orlando, FL 32801 within 21 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.
>
> If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.
>
> **You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

**COMES NOW**, Excel Capital Solutions, LLC ("Secured Creditor"), by and through its undersigned counsel, and hereby moves this Court for *in rem* relief from the automatic stay pursuant to 11 U.S.C. § 362(d), and in support thereof, states as follows:

1. Debtor, David Homero Rivas ("Debtor") filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on March 24, 2025.

2.      Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3.      Secured Creditor filed a foreclosure complaint against the Debtor on July 5, 2024, in the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida Case Number 2024 12288 CICI, due to default under the terms of the Note and Mortgage securing Secured Creditor's interest in certain real property legally described as:

**THE WESTERLY 45 FEET OF THE EASTERLY 90 FEET OF THE SOUTHERLY 100 FEET OF LOT 8, BLOCK 11, KINGSTON, ACCORDING TO THE MAP OR PLAT THEREOF AS RECORDED IN PLAT BOOK 3, PAGE 95, PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA.**

**AND**

**THE NORTHERLY 50 FEET OF THE SOUTH 200 FEET EAST OF CARSWELL STREET, OF LOT 8, BLOCK 11, KINGSTON, ACCORDING TO THE PLAT THEREOF, RECORDED IN PLAT BOOK 3, PAGE 95, PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA.**

**AND**

**NORTHERLY FIFTY (50) FEET OF THE SOUTHERLY ONE HUNDRED FIFTY (150) FEET OF THE WESTERLY ONE HUNDRED TWENTY NINE (129) FEET OF THE EASTERLY ONE HUNDERED SEVETY FOUR (174) FEET OF LOT 8, BLOCK 11, KINGSTON, ACCORDING TO THE PLAT THEREOF, RECORDED IN PLAT BOOK 3, PAGE 95, OF THE PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA.**

Property Address: **330 Madison Ave., Daytona Beach, FL 32114**
                  **N Seagrave St., Daytona Beach, FL 32114**
                  **Madison Ave., Dayton Beach 32114**

4.      A Final Judgment of Foreclosure ("Judgment") was entered against the Debtor on February 13, 2025, in the amount of $547,186.44.  A true and accurate copy of the Judgment is attached hereto as "Exhibit A".  The Judgment has not been satisfied by the Debtor.

5.      According to the Volusia County Property Appraiser, the appraised value of the properties total $188,241.00. See "Exhibit B" which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8).

6.      Debtor has not filed his Summary of Assets, Schedules A-J, Declaration, Statement of Financial Affairs, Statement of Monthly Income, Creditor Matrix and Chapter 13 Plan. The Section 341(a) meeting is scheduled to be held on April 24, 2025.

7.      Secured Creditor's security interest in the subject properties is being significantly jeopardized by the Debtor's failure to make regular payments under the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest.

8.      Additionally, Secured Creditor is receiving no payments from the Debtor to protect it against the erosion of its collateral position and is not otherwise adequately protected.

9.      If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable, injury, loss and damage.

10.     Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this cause pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

11.     Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

12. Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the mortgage. Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceedings.

**WHEREFORE**, Secured Creditor, prays this Court enter an order:

a. Terminating the automatic stay, *in rem*;

b. Permitting Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein;

c. Allowing Secured Creditor to gain possession of said collateral; and

d. Waive the 14-day stay imposed by Fed. R. Bankr. P. 4001(a)(3).

e. Granting such further relief as the Court deems appropriate.

Date: April 4, 2025

Respectfully submitted,

/s/ Keley Jacobson
Keley Jacobson, Esq.
Florida Bar No. 0102200
MCMICHAEL TAYLOR GRAY, LLC
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092
Telephone: (404) 474-7149
Facsimile: (404) 745-8121
E-mail: kjacobson@mtglaw.com
MTG: 24-000639-03

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion for Relief and the attached exhibits have been filed with the Clerk of Court using the CM/ECF system. I also certify that the foregoing was served on this day by either United States Mail or Electronic mail through the CM/ECF system to the parties listed below:

**VIA U.S. Mail**
David Homero Rivas
P.O. Box 529
Zellwood, FL 32798


**VIA CM/ECF**
Laurie K Weatherford- Trustee
Post Office Box 3450
Winter Park, FL 32790

U.S. Trustee
United States Trustee - ORL7/13, 7
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

Dated: April 4, 2025

Respectfully submitted,

/s/ Keley Jacobson
Keley Jacobson, Esq.
Florida Bar No. 0102200
MCMICHAEL TAYLOR GRAY, LLC
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092
Telephone: (404) 474-7149
Facsimile: (404) 745-8121
E-mail: kjacobson@mtglaw.com
MTG: 24-000639-03