# EXHIBIT A

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR VOLUSIA COUNTY, FLORIDA
CIVIL DIVISION

EXCEL CAPITAL SOLUTIONS, LLC,

        Plaintiff,

vs.

L.A.D. TRUST HOLDINGS LLC; JASON HERMAN; UNKNOWN TENANT #1; UNKNOWN TENANT #2; ALL OTHER UNKNOWN PARTIES CLAIMING INTERESTS BY, THROUGH, UNDER, AND AGAINST THE HEREIN NAMED DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAME UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSES, HEIRS, DEVISEES, GRANTEES, OR OTHER CLAIMANTS

        Defendant(s).
_____/

CASE NO. 2024 12288 CICI

DIVISION: 32

FILED 2025 FEB 13 AM 9:05 CLERK OF THE CIRCUIT & CTY. COURT VOLUSIA CTY., FL CC 41

## UNIFORM FINAL JUDGMENT OF MORTGAGE FORECLOSURE

THIS ACTION was heard before the Court on **February 13, 2025**, upon Plaintiff's Motion for Summary Judgment. Based on the evidence presented and being otherwise fully informed in the premises:

IT IS ADJUDGED that:

1. Plaintiff's Final Judgment is GRANTED. Service of process has been duly and regularly obtained over Defendants: L.A.D. TRUST HOLDINGS LLC; JASON HERMAN; DAVID RIVAS; and ALL OTHER UNKNOWN PARTIES CLAIMING INTEREST BY, THROUGH, UNDER, AND AGAINST THE HEREIN NAMED DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAME UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSES, HEIRS, DEVISEES, GRANTEES, OR OTHER CLAIMANTS, hereinafter referred to as "Defendants."

2. **Amounts Due.** Plaintiff, EXCEL CAPITAL SOLUTIONS, LLC, whose address is 1497 Main Street #31, Dunedin, FL 34698, is due the following amounts:

| CATEGORY | AMOUNT |
|---|---|
| Principal due on the note secured by the mortgage foreclosed: | $511,632.57 |
| Interest on the note and mortgage from 11/04/2024 – 01/13/2025 (Per Diem: $255.81) | $17,907.12 |
| Interest on the note and mortgage from 01/14/2025 – 02/13/2025 (31 days at $255.81 per diem interest) | $7,930.11 |
| SUB-TOTAL | $537,469.80 |
| Attorney's Fees – Standard Foreclosure Flat Fee | $4,750.00 |
| SUB-TOTAL | $4,750.00 |
| Attorney Costs – Service of Process | $1,333.50 |
| Attorney Costs – Publication | $1,430.32 |
| Attorney Costs – Complaint Filing Fee | $2,038.43 |
| Attorney Costs – Title Cost/ Title Update | $150.00 |
| Attorney Costs – FedEx Cost | $14.39 |
| SUB-TOTAL | $4,966.64 |
| GRAND TOTAL | $547,186.44 |

The grand total sum referenced above must bear interest from this date forward at the current rate of 9.38% per year, and subject to change as set forth in section 55.03, Florida Statutes.

3.   **Lien on Property.**  Plaintiff holds a lien for the grand total sums set forth in Paragraph 2 herein, which lien is superior in dignity to any right, title, interest or claim of the Defendant(s) named herein, and any person, corporation or entities claiming by, through, under or against these Defendant(s), encumbering the subject property located in Volusia County, Florida, more particularly described as:

**THE WESTERLY 45 FEET OF THE EASTERLY 90 FEET OF THE SOUTHERLY 100 FEET OF LOT 8, BLOCK 11, KINGSTON, ACCORDING TO THE MAP OR PLAT THEREOF AS RECORDED IN PLAT BOOK 3, PAGE 95, PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA.**

**AND**

**THE NORTHERLY 50 FEET OF THE SOUTH 200 FEET EAST OF CARSWELL STREET, OF LOT 8, BLOCK 11, KINGSTON, ACCORDING TO THE PLAT THEREOF, RECORDED IN PLAT BOOK 3, PAGE 95, PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA.**

**AND**

**NORTHERLY FIFTY (50) FEET OF THE SOUTHERLY ONE HUNDRED FIFTY (150) FEET OF THE WESTERLY ONE HUNDRED TWENTY NINE (129) FEET OF THE EASTERLY ONE HUNDRED SEVENTY FOUR (174) FEET OF LOT 8, BLOCK 11, KINGSTON, ACCORDING TO THE PLAT THEREOF, RECORDED**

IN PLAT BOOK 3, PAGE 95, OF THE PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA.

Property Address: **330 Madison Ave., Daytona Beach, FL 32114**
 **N Seagrave St., Daytona Beach, FL 32114**
 **Madison Ave., Dayton Beach 32114**

4. **Sale of Property.** If the total sum with interest at the rate described in Paragraph 2 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court must sell the subject property to the highest bidder for cash, except as prescribed in Paragraph 5, at public sale on _April 2, 2025_, at 11:00 AM., after having first given notice as required by section 45.031, Florida Statutes. Public auctions for foreclosures are held by electronic sale beginning at 11:00 AM., on the prescribed date at http://www.volusia.realforeclose.com.

5. **Costs.** Plaintiff must advance all subsequent costs of this action and must be reimbursed for them by the Clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title. If plaintiff is the purchaser, the clerk must credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it as is necessary to pay the bid in full.

All subsequent amounts advanced by Plaintiff to protect its mortgage lien, including but not limited to sale fees and cost of publication; post-judgment advances for property taxes and insurance, property preservation costs; post-judgment attorney's fees and costs and post-judgment bankruptcy attorney fees and costs, shall be set forth by Plaintiff or Plaintiff's counsel via affidavit(s), and the Clerk shall increase the amount due Plaintiff under Paragraph 2 by the amount set forth in such affidavit(s) without further order of the Court.

6. **Section 718 and 720, Fla. Stat., Entitlement.** If applicable, Plaintiff, its successors or assigns, is entitled to safe harbor under section 718 and 720, Florida Statutes, and as such is only responsible to pay 1% of the subject mortgage or 12 months of regular periodic assessments, at the time certificate of title is issued vesting title to Plaintiff, its successors or assigns. Plaintiff, its successors or assigns, is not responsible for interest, late fees, collection costs or attorney's fees incurred prior to the issuance of the certificate of title.

7. **Distribution of Proceeds.** On filing the certificate of title, the Clerk must distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the plaintiff's costs; second, documentary stamps affixed to the certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to the plaintiff, less the items paid, plus interest at the rate

prescribed in Paragraph 2 from this date to the date of the sale; and by retaining any remaining amount pending further Order of this court.

8. **Right of Redemption / Right of Possession.** On filing the certificate of sale, Defendant(s) and all persons claiming under or against Defendant(s) since the filing of the notice of lis pendens must be foreclosed of all estate or claim in the property and Defendant's right of redemption as prescribed by section 45.0315, Florida Statutes, must be terminated, except as to the rights of a bona fide tenant occupying residential premises under the federal Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220, note, or section 83.5615, Florida Statutes; and claims or rights under chapter 718 or chapter 720, Florida Statutes, if any; and except as to the UNITED STATES OF AMERICA, which as a lien holder shall have the right to exercise its right of redemption pursuant to 26 U.S.C. Section 7425 and/or Title 28, United States Code, Section 2410(c), within 120 days from the date of sale. On the filing of the certificate of title, the person named on the certificate of title shall be let into possession of the property, subject to the rights of a bona fide tenant occupying residential premises under the federal Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220, note, or section 83.5615, Florida Statutes

9. **Attorney's Fees.** The requested attorneys' fees are a flat rate fee that the firm's client has agreed to pay in this matter. Given the amount of the fee requested and the labor expended, the court finds that a lodestar analysis is not necessary and that the flat fee is reasonable.

10. **Breach of Guaranty.** The court finds that Plaintiff is entitled to an award of damages for breach of guaranty for the grand total sums set forth in Paragraph 2 herein.

Judgment is hereby entered in favor of the Plaintiff against Defendant(s), DAVID RIVAS, for breach of guaranty.

11. **Jurisdiction Retained.** The court retains jurisdiction of this action to enter further orders or judgments that are proper, including, without limitation, an award of attorney's fees and costs, a deficiency judgment, writs of possession, orders granting leave to file supplemental and/or amended pleadings to add additional parties, and orders resolving any disputes with respect to assessments and/or other amounts allegedly due associations.

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, IF ANY, YOU MUST FILE A CLAIM WITH THE

CLERK **NO LATER THAN THE DATE THAT THE CLERK REPORTS THE FUNDS AS UNCLAIMED.** IF YOU FAIL TO FILE A TIMELY CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CONTACT THE CLERK OF THE COURT AT (386) 736-5915 **WITHIN 10 DAYS AFTER THE SALE** TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT COMMUNITY LEGAL SERVICES, 101 N. WOODLAND BLVD, SUITE 401, DELAND, FL 32720, TELEPHONE NUMBER, 800-405-1417, TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT COMMUNITY LEGAL SERVICES, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

STATUTORY REQUIRED LANGUAGE ABOVE, IN ACCORDANCE WITH SECTION 45.031, FLORIDA STATUTES, IS IN ALL CAPITAL LETTERS.

IT IS ORDERED in Volusia County, Florida, on _February 13_, 20 _25_.

_____
Circuit Judge

*Copies furnished to the attached service list:*

## SERVICE LIST
## CASE NO. 2024 12288 CICI

MCMICHAEL TAYLOR GRAY, LLC
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092
[redacted]

L.A.D. TRUST HOLDINGS LLC
13940 US Highway 441
Lady Lake, FL 32159

JASON HERMAN
2421 Northumbria Dr.
Sanford, FL 32771
[redacted]

DAVID RIVAS
549 Mulberry Street
Daytona Beach, FL 32114